IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jerome Middleton, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 8:18-cv-01510-TLW |
| ) | |
| v. ) | |
| ) | |
| Nancy A. Berryhill, Acting Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER

Plaintiff Jerome Middleton brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security (Commissioner), denying his claims for disability insurance benefits. This matter is before the Court for review of the Report and Recommendation (Report) filed on April 29, 2019, by United States Magistrate Judge Jacquelyn D. Austin (MJ), to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C). ECF No. 25. In the Report, the MJ recommends affirming the Commissioner's decision. Plaintiff filed objections to the Report, ECF No. 27, to which the Commissioner replied, ECF No. 28. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the MJ's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation

1

of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. In his objections, Plaintiff argues that the ALJ failed to expressly evaluate his spinal compression fractures under Listing 1.04A and whether they, in combination with his arthritis, were medically equivalent under Listing 14.09. In reviewing the ALJ's decision, the MJ determined that the ALJ's lack of an explicit analysis as to the criteria of Listing 1.04A was harmless error because the ALJ made specific findings regarding the evidence in conflict with the requirements necessary to meet Listing 1.04A. The ALJ must provide only a coherent basis for his step-three determination, not a "point-by-point breakdown of each and every listed impairment." *Keene v. Berryhill*, No. 17-1458, 732 F. App'x 174, 2018 WL 2059514 at *3 (4th Cir. May 2, 2018). The ALJ's analysis showed that Plaintiff presented no post-April 2016 evidence of decreased range of motion of the spine, motor loss, or sensory/reflex loss attributable to spinal impairment, which Listing 1.04A requires.

In addition, the ALJ considered Listing 14.09 but determined that the evidence presented as to Plaintiff's inflammatory arthritis did not meet its criteria. The ALJ follows a two-step analysis to consider subjective statements about impairments and symptoms. *Lewis v. Berryhill,* 858 F.3d 858, 865–66 (4th Cir. 2017). First, he considers medical evidence showing a condition that could

reasonably produce the symptoms. *Id.* Second, he evaluates intensity, persistence, and limiting effects to determine the claimant's ability to perform work. *Id.* In this case, the ALJ considered the objective medical evidence to determine that there are conditions that could produce Plaintiff's symptoms. R. at 19. At step two of the analysis, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the alleged symptoms during the relevant time period were not entirely consistent with the medical evidence in the record. *Id.* For these reasons, the Court finds that the ALJ supported his findings with sufficient evidence in the record of the intensity, persistence, and limiting effects of Plaintiff's symptoms in determining the RFC.

After careful consideration, the Court finds that Plaintiff's remaining objections have been evaluated properly and that the ALJ's decision to deny benefits is supported by substantial evidence. As the MJ noted in his Report, the ALJ performed a significant review of the record and outlined Plaintiff's medical conditions from February 20, 2013 to December 31, 2016. The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the MJ, which concludes that the ALJ properly supported Plaintiff's RFC by including a thorough narrative discussion of the relevant medical and nonmedical evidence.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 25, is **ACCEPTED**, and Plaintiff's objections, ECF No. 27, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

                                                     *s/ Terry L. Wooten*
TERRY L. WOOTEN
Senior United States District Judge

September 20, 2019
Columbia, South Carolina